UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAMON DAVID THOMAS,<br><br>                Petitioner,<br>      v.<br><br>STATE OF WASHINGTON,<br><br>                Respondent. | Case No. C20-5317-BHS-TLF<br><br>ORDER TO SHOW CAUSE |

Petitioner, Ramon David Thomas, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 3. Petitioner challenges his 2019 conviction and sentence for "Child Molestation II." *Id.* The petition has not been served on respondent.

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas corpus petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

Following a careful review of the petition, the Court concludes that petitioner's federal habeas petition—on its face—is subject to dismissal due to a failure to exhaust state court remedies. Petitioner indicates he pled guilty and did not file a direct appeal or any other petitions, applications or motions concerning his judgment of conviction in state court. Dkt. 8, at 1.

ORDER TO SHOW CAUSE - 1

Petitioner also indicates that he intends not to bring the claims raised in his federal habeas petition to the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition—asserting that the state courts lack jurisdiction over issues that are raised under the United States Constitution.[1] Dkt. 8, at 5-12. However, the exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)[2]. The Court therefore orders the petitioner to show cause why the Court should not dismiss this federal habeas corpus petition without prejudice as unexhausted.

## DISCUSSION

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are

---

[1] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 8, at 12. The Court interprets this as a typographical or scrivenor's error however as petitioner makes clear in his explanation to the question that "**no grounds herein have been raised at the state level**, as the state has no jurisdictional authority over federal constitutional matters[.]" *Id.* (emphasis added).

[2] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

ORDER TO SHOW CAUSE - 2

1  obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To
2  properly exhaust their federal claims, a would-be habeas petitioner must finish "one
3  complete round of the State's established appellate review process," up to the highest
4  state court with powers of discretionary review. *Id.*, 845.

5      A federal court must dismiss a federal habeas corpus petition if its claims are
6  unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua*
7  *sponte* authority to examine the question of exhaustion at this stage of review. *Campbell*
8  *v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state
9  remedies have been exhausted even if the state does not raise the issue").

10     Petitioner must raise the grounds for relief contained in his habeas petition to the
11 Washington Court of Appeals and Washington Supreme Court. Petitioner contends he
12 has not presented his grounds for relief to the state courts because the state courts lack
13 the "jurisdictional authority to decide on United States Constitution matters, which are
14 outside its jurisdictional or statutory governing limits." Dkt. 8, at 5-12. This argument
15 fails, because 28 U.S.C. § 2254(b)(1) recognizes the jurisdiction of state courts to
16 adjudicate constitutional issues. Federal habeas relief is available to address where the
17 state court's adjudication was "contrary to, or an unreasonable application of, clearly
18 established federal law, as determined by the Supreme Court of the United States." 28
19 U.S.C. § 2254(d)(1).

20     Petitioner acknowledges he has not presented the claims raised in his petition to
21 the highest state court and, as such, it would appear his petition is not eligible for
22 federal habeas review. Dkt. 8, at 1-12. Therefore, the Court orders petitioner to show

ORDER TO SHOW CAUSE - 3

1 | cause why his petition is cognizable for federal habeas review and should not be
2 | dismissed without prejudice.

3 | ORDER

4 | Based on the foregoing discussion, the Court finds that this petition is not eligible
5 | for federal habeas review. The Court **orders the petitioner to show cause** in writing
6 | why the petition should not be dismissed without prejudice, to allow him to exhaust his
7 | claims in the state courts. Petitioner must show cause **by August 7, 2020**. Petitioner's
8 | response **should not exceed ten (10) pages**. The failure to file a timely response may
9 | result in the dismissal of this matter without prejudice.

10 | Dated this 24th day of June, 2020.

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge